**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANTE SELBY, | |
| Plaintiff, | Civ. No. 20-2123 |
| v. | **OPINION** |
| STATE OF NEW JERSEY, | |
| Defendant. | |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on the Complaint (ECF No. 1) and renewed Application to Proceed *In Forma Pauperis* (ECF No. 3) filed by Plaintiff Dante Selby ("Plaintiff"), pro se, against Defendant State of New Jersey ("Defendant"). At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, the Application to Proceed *In Forma Pauperis* is granted and the Complaint is dismissed.

## BACKGROUND

Plaintiff, a convicted state prisoner, filed a civil rights Complaint on February 26, 2020. (ECF No. 1.) Plaintiff claims he was deprived of his constitutional rights to effective assistance of counsel, due process of law, and a fair hearing. (Compl. ¶ 7, ECF No. 1.) Plaintiff states that these violations took place on December 7, 2018, and that he received an excessive sentence on April 12, 2019. (*Id*. ¶ 6.) Plaintiff does not fully articulate the relief sought, and instead states "I

1

am asking this PCR please be granted and or modified." (*Id.* ¶ 7.) Plaintiff does not identify a basis for jurisdiction (*id.* ¶ 1a), and indicates that administrative remedies for the alleged violations are still in process (*id*. ¶ 5).

Plaintiff filed an Application to Proceed *In Forma Pauperis* along with the Complaint. (ECF No. 1-1.) On March 9, 2020, the Court denied the application because Plaintiff did not file a certified copy of his trust fund account statement. (ECF No. 2.) Plaintiff filed a new Application to Proceed *In Forma Pauperis* on March 25, 2020 with the required trust fund account statement. (ECF No. 3.) Plaintiff attached a note to his Application, which states that he has an attorney. (Note at 1, ECF No. 3-1.) However, the present Application and Complaint were filed pro se, and no attorney has entered an appearance in this case. Therefore, the Court still considers Plaintiff to be pro se. Plaintiff's Application and Complaint are presently before the Court.

## **LEGAL STANDARDS**

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A. District courts may *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per

2

curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## **DISCUSSION**

I. **Application to Proceed *In Forma Pauperis***

A prisoner seeking to bring a civil action without prepayment of fees must file (1) an affidavit that includes a statement of all assets such prisoner possesses and that provides the nature of the action; and (2) a certified copy of the trust fund account statement for the prisoner for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(1)–(2). Plaintiff has filed the necessary documents. According to the Application, Plaintiff has been in prison for the past six months, is not currently employed in prison, and receives $15.00 each month. (Application ¶¶ 3–4, ECF No. 3.) Other than his prison account, Plaintiff has no bank accounts in his name and does not own any other assets or property. (*Id.* ¶¶ 6–7.) According to the certified trust fund account statement from the Southern State Correctional Facility, Plaintiff has $26.93 in his "Spendable Sub Account" and $0.00 in his other

3

accounts. (Application at 5–11.)[1] Based on the above, Plaintiff's Application to Proceed *In Forma Pauperis* is granted.

## II.     *Sua Sponte* Dismissal for Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted for several reasons. First, Plaintiff fails to indicate a basis for jurisdiction. (*See* Compl. ¶ 1a (failing to select either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) as the basis for jurisdiction, or to list a separate statute for asserting jurisdiction).) Although Plaintiff filed his claims as a prisoner civil rights case, his claims for ineffective assistance of counsel and lack of a fair hearing seek to challenge his conviction and sentence, and therefore Plaintiff should have instead submitted a Petition under 28 U.S.C. § 2254 for a writ of habeas corpus.[2] Furthermore, Plaintiff names the State of New Jersey as the Defendant in this case. Under the Eleventh Amendment, a state is generally entitled to immunity in federal court from suits by private parties. *See Koslow v. Pennsylvania*, 302 F.3d 161, 167 (3d Cir. 2002). Therefore, Plaintiff's claims against the State of New Jersey are dismissed.

Additionally, Plaintiff indicates that his administrative remedies are still being processed. (Compl. ¶ 5.) Because exhaustion is an affirmative defense that must be pleaded by the Defendant, *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002), the Court will not *sua sponte* dismiss the Complaint for failure to exhaust administrative remedies. Still, the Court notes that Plaintiff is required to exhaust administrative remedies, pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), prior to filing a prisoner civil rights suit.

---

[1] The page numbers to which the Court refers when citing this document are the CM/ECF page numbers.

[2] To file a Petition pursuant to 28 U.S.C. § 2254, Plaintiff must submit the following form: Petition for Relief From a Conviction or Sentence By a Person in State Custody, DNJ-Habeas-008(Rev.01-2014).

## CONCLUSION

For the foregoing reasons, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3) is granted. However, because Defendant has sovereign immunity from suit, and because Plaintiff has not stated a basis for jurisdiction or grounds for a civil rights suit, the Complaint (ECF No. 1) is dismissed. An appropriate Order will follow.

Date: <u>April 3, 2020</u>                       <u>*/s/ Anne E. Thompson*</u>
                                                                                      ANNE E. THOMPSON, U.S.D.J.